**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| Al Jamoua,<br><br>          Plaintiff,<br><br>     v.<br><br>Farm Bureau General Insurance Company of Michigan, Farm Bureau Life Insurance Company of Michigan, Farm Bureau Mutual Insurance Company of Michigan, and Community Service Acceptance Company (Collectively referred to and d/b/a Farm Bureau Insurance), Paul Wagner, and Danny Negin,<br><br>Jointly and Individually,<br><br>          Defendants. | Case No. 20-10206<br><br>Hon. Laurie J. Michelson<br>Magistrate R. Steven Whalen |

**<u>MOTION TO WITHDRAW AS COUNSEL</u>**
**<u>FOR DEFENDANT PAUL WAGNER</u>**

**ORAL ARGUMENT REQUESTED**

Undersigned counsel Scott R. Eldridge, Ashley N. Higginson, and the law firm of Miller, Canfield, Paddock, and Stone, P.L.C., respectfully move this Court to withdraw as counsel for Defendant Paul Wagner in this matter.

Pursuant to E.D. Mich. LR 7.1, counsel for Defendants sought Plaintiff's counsel's concurrence in this motion by way of written correspondence dated July 1, 2021, and during a conference call dated July 2, 2021 Plaintiff's counsel expressed

1

no objection.  By letter dated June 25, 2021, Defendants' counsel additionally sought Defendant Wagner's concurrence in this motion.  On June 30, 2021, Defendants' counsel received correspondence from Joseph A. Golden, Esq. of The Sharp Firm on behalf of Paul Wagner expressing disagreement about the basis for the motion. Consequently, this motion is necessary.

WHEREFORE, for these reasons and those stated in the accompanying brief, counsel for Defendants respectfully request that the Court grant this Motion and issue an Order approving the withdrawal of the undersigned as counsel for Defendant Paul Wagner.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

/s/ _____
Scott R. Eldridge (P66452)
**Attorneys for Defendants**
One Michigan Avenue, Suite 900
Lansing, MI 48933
(517) 483-4918
eldridge@millercanfield.com

Date: July 2, 2021

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Al Jamoua,

      Plaintiff,

v.

Farm Bureau General Insurance Company of Michigan, Farm Bureau Life Insurance Company of Michigan, Farm Bureau Mutual Insurance Company of Michigan, and Community Service Acceptance Company (Collectively referred to and d/b/a Farm Bureau Insurance), Paul Wagner, and Danny Negin,

Jointly and Individually,

      Defendants.

Case No. 20-10206

Hon. Laurie J. Michelson
Magistrate R. Steven Whalen

---

## BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT PAUL WAGNER

## I.  Issue Presented

**Issue**: Whether the Court should allow Defendants' counsel to withdraw as attorneys for Defendant Paul Wagner where: (i) an irreconcilable conflict has arisen between the Defendants; and (ii) Defendant Wagner executed a dual representation letter whereby he agreed that in the event of a conflict between the parties, representation could be withdrawn.

**Answer**: Yes.

3

## II.   Controlling Authority

- Mich. R. Prof'l Conduct 1.7(b)

- Mich. R. Prof'l Conduct 1.16(a)

- Mich. R. Prof'l Conduct 1.16(b)(7)

## III.   Discussion

### A.   Factual Background

Defendant Paul Wagner is a former employee of Farm Bureau Life Insurance Company of Michigan. On January 27, 2020, Plaintiff filed the Complaint in this matter against Farm Bureau General Insurance Company of Michigan, Farm Bureau Life Insurance Company of Michigan, Farm Bureau Mutual Insurance Company of Michigan, and Community Service Acceptance Company (collectively referred to as "Farm Bureau") as well as Paul Wagner and Danny Negin individually (both employees of Farm Bureau Life Insurance Company of Michigan).  Farm Bureau retained Miller, Canfield, Paddock and Stone, P.L.C. ("Miller Canfield) to serve as its counsel.

On May 6, 2020, Paul Wagner executed a dual representation letter, agreeing to be represented by Miller Canfield pursuant to the terms and conditions of the

letter.[1]  The letter provides that in the event that a conflict of interest were to arise between Farm Bureau and Wagner during the pendency of the litigation, Miller Canfield's representation of Wagner would terminate and Miller Canfield would be permitted to continue to represent Farm Bureau in the litigation.

On June 22, 2021, Miller Canfield became aware of an irreconcilable conflict between Wagner and Farm Bureau.  Specifically, an attorney representing Wagner in his personal capacity submitted correspondence to Farm Bureau that threatened litigation related to the termination of Wagner's employment with Farm Bureau Life Insurance Company of Michigan.[2]  Accordingly, this motion was necessitated.

**B.    Legal Argument**

Attorneys practicing in the United States District Court for the Eastern District of Michigan are subject to the Michigan Rules of Professional Conduct. E.D. Mich. LR 83.20(j).  Under the Michigan Rules, a lawyer shall not represent a client, or shall withdraw from representation of a client if "the representation will result in violation of the rules of professional conduct or other law," and may withdraw where

---

[1] A copy of the dual representation letter can be made available to the Court for *in camera* review, upon the Court's request. It is designated as a privileged communication and neither Farm Bureau nor Wagner has waived the privilege.

[2] The attorney representing Wagner related to Wagner's termination is Joseph A. Golden of The Sharp Firm.  On June 30, 2021, Mr. Golden also sent correspondence on Wagner's behalf expressing disagreement with this motion to withdraw.  To be clear, Mr. Golden has not represented to Defendants' counsel that he or his firm now represent or intend to represent Mr. Wagner in this matter moving forward.

"good cause for withdrawal exists." Mich. R. Prof'l Conduct 1.16(a) and 1.16(b)(7).

Generally, "while these rules stop short of guaranteeing a right to withdraw, they

confirm that withdrawal is presumptively appropriate where the rule requirements

are satisfied. *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009).

Michigan's Rules of Professional Conduct concerning conflicts of interest

provide that:

> A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
>
> **(1)** the lawyer reasonably believes the representation will not be adversely affected; and
>
> **(2)** the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Mich. R. Prof'l Conduct 1.7(b).  If a conflict arises *after* representation has been

undertaken "the lawyer should withdraw from the representation." *See Id.,*

Comments, Loyalty to a Client.

Miller Canfield meets the criteria for mandatory withdrawal under the Rules.

Wagner's recent threat of litigation against Farm Bureau Life Insurance Company

of Michigan creates an irreconcilable conflict between the parties that will materially

limit Miller Canfield's ability to represent him based on its responsibilities to Farm

Bureau.  Upon agreeing to represent both Wagner and Farm Bureau, Miller Canfield

consulted with Wagner and provided a written explanation of the implications of common representation, including all risks involved with such representation. Miller Canfield made Wagner aware that if a conflict were to arise during the pendency of litigation, Miller Canfield would be required to withdraw as Wagner's counsel and would be permitted to continue to represent Farm Bureau.  Wagner agreed to these terms by signing the dual representation letter on May 6, 2020.

There is little doubt that Wagner's June 2021 threat of litigation against Farm Bureau creates a very clear conflict between the parties and for Miller Canfield to continue to represent both Farm Bureau and Wagner would be improper. Accordingly, pursuant to Mich. R. Prof'l Conduct 1.16(a) Miller Canfield is required to withdraw as Wagner's counsel, because the representation would result in a violation of the Rules of Professional Conduct.  At a minimum, considering the now-potentially litigious relationship between the parties, good cause exists for the Court to grant Miller Canfield's motion to withdraw as Wagner's counsel under Mich. R. Prof'l Conduct 1.16(b)(7).

Wagner will not be prejudiced by Miller Canfield's withdrawal of representation at this stage in the litigation.  The parties are currently awaiting the Court's ruling on Defendants' Motion for Summary Judgment.  To the extent any claim survives the motion, Wagner will have ample time to obtain new representation, if he chooses.

## IV.    Conclusion

Miller Canfield respectfully requests that the Court grant this Motion, enter an Order approving the withdrawal of the undersigned as counsel for Defendant Paul Wagner, and provide any other relief it deems appropriate.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

/s/ _____
Scott R. Eldridge (P66452)
**Attorneys for Defendants**
One Michigan Avenue, Suite 900
Lansing, MI 48933
(517) 483-4918

Date: July 2, 2021         eldridge@millercanfield.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system that will send notification of such filing upon all ECF filing participants. In addition, I served the foregoing document on Defendant Paul Wagner and his attorney Joseph A. Golden of The Sharp Firm via e-mail and regular mail.

MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.

*/s/ Scott R. Eldridge*

Scott R. Eldridge (P66452)
**Attorneys for Defendants**
One Michigan Avenue, Suite 900
Lansing, MI 48933
(517) 483-4918
eldridge@millercanfield.com